<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| _____ | | |
| TAMEIKA HATHAWAY, | : | |
| | : | |
|     Plaintiff, | : | Civil Action No. 13-5992 (SRC) |
| | : | |
|     v. | : | **OPINION** |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
|     Defendant. | : | |
| _____ | : | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Tameika Hathaway

("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner")

determining that she was not disabled under the Social Security Act (the "Act").  This Court

exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of

the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's

decision will be reversed and the case remanded solely for the determination of benefits.

In brief, this appeal arises from Plaintiff's application for disability insurance and

supplemental security income benefits, alleging disability beginning January 1, 2003.  A hearing

was held before ALJ Helen O. Evans (the "ALJ") on February 8, 2012, and the ALJ issued a

decision on March 23, 2012, finding that Plaintiff was not disabled within the meaning of the

Social Security Act.  After the Appeals Council denied Plantiff's request for review, the ALJ's

decision became the Commissioner's final decision, and Plaintiff filed this appeal.

The ALJ, in short, found that, at step three, Plaintiff did not meet or equal any of the

Listings, and that, at step four, she did not retain the residual functional capacity to perform her

past relevant work.  The ALJ found that Plaintiff retained the residual functional capacity to

perform light work that involves simple, routine work in a low stress, low contact setting.  At

step five, the ALJ determined, based on the testimony of a vocational expert, that there are other

jobs existing in significant numbers in the national economy which the claimant can perform,

consistent with her medical impairments, age, education, past work experience, and residual

functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning

of the Act.

Plaintiff appeals on several grounds, but this Court need reach only the argument for

reversal that succeeds: the ALJ's determination at step 3 is not supported by substantial

evidence.  Plaintiff argues that the ALJ erred in concluding that Plaintiff did not meet the

requirements of Listing 12.05(C).  This is correct.  That listing states:

> 12.05 Intellectual disability: intellectual disability refers to significantly
> subaverage general intellectual functioning with deficits in adaptive functioning
> initially manifested during the developmental period; i.e., the evidence
> demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A,
> B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or
> other mental impairment imposing an additional and significant work-related
> limitation of function;

The ALJ discussed the November, 2010 IQ testing report on Plaintiff by Vanessa Short,

LPA, which reported a Full Scale IQ of 69.  (Tr. 945.)  The ALJ rejected the IQ score as not

valid for reasons that are not clear.  (Id.)  The closest the ALJ came to giving an explanation for

this conclusion is the comment that Ms. Short documented "that the results of the evaluation

were deflated in regards to the claimant's true intellectual potential."  (Tr. 48.)  The record,

however, does not support the ALJ's characterization of Ms. Short's findings.  In the

"Behavioral Observations" section, the report states:

> Due to low levels of intrinsic motivation and low levels of effort exerted the
> results of this evaluation may be slightly deflated in regards to true intellectual
> potential; however, results are considered very accurate measures of current level
> of actual functioning.

(Tr. 945.)  There is nothing in here that supports the ALJ's conclusion that the IQ score is

invalid.  To the contrary, the examiner stated that, even when considering the possibility of a

slight deflation of the score, the results were "very accurate measures of current level of actual

functioning."  (Id.)  The report contains no suggestion that the IQ score is invalid.  The ALJ

made a judgment of score invalidity that contradicted the expert's stated assessment.

It thus appears that the ALJ rejected the examining professional's opinion on the basis of

her own medical opinion. The ALJ cannot discount medical opinions based on her own analysis

of the medical evidence. This is absolutely forbidden under Third Circuit law: "By

independently reviewing and interpreting the laboratory reports, the ALJ impermissibly

substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise

against that of a physician who presents competent evidence." Ferguson v. Schweiker, 765 F.2d

31, 37 (3d Cir. 1985).  Here, the ALJ impermissibly substituted her own judgment for that of a

professional. This alone provides a basis for vacating the ALJ's decision.

The Third Circuit has also held:

> In choosing to reject the treating physician's assessment, an ALJ may not make
> speculative inferences from medical reports and may reject a treating physician's
> opinion outright only on the basis of contradictory medical evidence and not due

to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).  The ALJ's rejection of Ms. Short's opinion

is not permissible under Morales.  The record contains no medical evidence that contradicts Ms.

Short's finding that Plaintiff has a valid Full Scale IQ score of 69.

The record contains uncontradicted evidence of a valid Full Scale IQ score of 69, thus

satisfying the IQ score requirement of Listing 12.05(C).  Listing 12.05(C) also requires "a

physical or other mental impairment imposing an additional and significant work-related

limitation of function."  This requirement is clearly satisfied.  At step four, the ALJ concluded

that the claimant retained the residual functional capacity for light work, subject to a number of

restrictions:

> [S]he can only frequently perform tasks requiring bilateral handling or fingering. .
> . Mentally, she is limited to simple, routine, and repetitive tasks, and can work at
> low stress jobs involving no production or piece rates.  She cannot work closely
> with the public . . .

(Tr. 51.)  These restrictions each constitute an additional and significant work-related limitation

of function.  Based on the determinations made by the ALJ at step four, and the undisputed

record evidence of a valid Full Scale IQ score of 69, Plaintiff has satisfied all the criteria of

Listing 12.05(C).  Having met the criteria for a listed impairment, Plaintiff has satisfied the

requirements for a finding that she is disabled.  20 C.F.R. § 404.1520(a)(4)(iii).[1]

The Sixth Circuit has held:

> If a court determines that substantial evidence does not support the Secretary's
> decision, the court can reverse the decision and immediately award benefits only

---

[1] "At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled."

if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.

Faucher v. Secretary of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994).  This Court has determined that the ALJ's determination at step three is not supported by substantial evidence.  There are no material factual issues to be resolved in regard to Plaintiff's satisfying the requirements for Listing 12.05(C).  The present record adequately establishes Plaintiff's entitlement to benefits.  The Commissioner's determination is reversed.  This Court finds that Plaintiff is disabled, as of January 1, 2003, within the meaning of the Social Security Act.  This case will be remanded to the Commissioner solely for the determination of the amount of the benefits to which Plaintiff is entitled.

This Court concludes that the Commissioner's decision is not supported by substantial evidence, and that decision is reversed.  Plaintiff has been disabled since January 1, 2003 within the meaning of the Social Security Act.  This case is remanded to the Commissioner solely for the determination of the amount of the benefits to which Plaintiff is entitled.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: January 23, 2015