NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TAMEIKA HATHAWAY, | : | |
| Plaintiff, | : | Civil Action No. 13-5992 (SRC) |
| v. | : | **OPINION & ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for reconsideration by Defendant the Commissioner of Social Security of the Opinion and Order entered on January 23, 2015. In that Opinion, and the associated Order, this Court reversed the decision of the Commissioner of Social Security ("Commissioner") determining that Plaintiff was not disabled under the Social Security Act, and remanded the case to the Commissioner solely for the determination of the amount of the benefits to which Plaintiff is entitled. For the reasons that follow, the motion for reconsideration will be denied.

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." United States ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 848-849 (3d Cir. 2014); L. Civ. R. 7.1(i).

The Commissioner argues that this Court erred in finding that Plaintiff satisfied the

requirements of Listing 12.05C, intellectual disability, because "the Court failed to address the threshold requirement of Listing 12.05C." (Def.'s Br. 5.)

It is true that the Opinion of January 23, 2015 did not address the threshold requirement of Listing 12.05C. In an introductory paragraph, Listing 12.05C states:

> 12.05 Intellectual disability: intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

There is no dispute between the parties that Plaintiff dropped out of school after the ninth grade. This supports onset of the intellectual disability before age 22. The omission of any discussion of the threshold requirement of this Listing was harmless error.

In Markle v. Barnhart, 324 F.3d 182, 189 (3d Cir. 2003), the Third Circuit, in a case with similar facts, addressed this threshold requirement:

> [I]t is clear that the record should contain some evidence that supports the finding that onset preceded age 22. Here there is evidence that is at least consistent with, and, depending on one's interpretation, could be said to support early onset. . . . In school Markle took special education courses through ninth grade, dropping out after two months in the tenth grade.

Dropping out of school after ninth grade supports the finding that onset occurred before age 22.[1]

Furthermore, the evidence of record further supports the finding that onset occurred before age 22 and does not support the ALJ's conclusion that there was "little evidence of requisite adaptive deficits prior to age 21." (Tr. 48.) Plainfield High School records show that Plaintiff's final grades for ninth grade were failing grades for three classes and grades of incomplete for three classes. (Tr. 386.) On her report card for the first grade, there are many

---

[1] In the instant case, the ALJ noted that, similarly, Plaintiff reported that she took special education courses in school. (Tr. 52.)

failing grades, and this note: "Tamieka is being promoted to 2nd grade on recommendation of CST." (Tr. 394.) It is likely that "CST" is an acronym for "Child Study Team," and supports the inference that Plaintiff had at least been having sufficient school difficulties that she came to the attention of the Child Study Team in first grade.

The psychological evaluation report submitted by Ms. Short contains further evidence of intellectual difficulties in childhood. Ms. Short reported that achievement testing of Plaintiff at age 14 had found that her reading, math and language skills were at the first or second percentile – a child cannot score lower than that. (Tr. 944.) The achievement tests administered by Ms. Short, when Plaintiff was age 29, show reading and writing skills at approximately the fourth grade level. (Tr. 945.) The evidence supports the inference that Plaintiff had serious difficulties with learning prior to age 22. It does not support the ALJ's conclusion that there was little evidence of intellectual deficits prior to age 22.

The record evidence, taken as a whole, does not support the ALJ's determination that Plaintiff did not meet the requirements of Listing 12.05C. To the contrary, the record evidence easily establishes that Plaintiff meets all requirements for Listing 12.05C. This Court did not err in its decision. Plaintiff has met all requirements of Listing 12.05C. The Commissioner has failed to show any basis for reconsideration, and the motion for reconsideration will be denied.

For these reasons,

**IT IS** on this 26th day of February, 2015

**ORDERED** that the Commissioner's motion for reconsideration (Docket Entry No. 23) is **DENIED**.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.